UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION NO. 3:17-cv-01043-VAB |
| v. | : | |
| RICHARD M. COAN | : | |
| *Defendant.* | : | |

**POST-TRIAL JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**INTRODUCTION** ... 1

I. **GENERAL INSTRUCTIONS** ... 1

**A. Role of the Court** ... 1

**B. Instructions to be Considered as a Whole** ... 2

**C. Both Sides Entitled to a Full and Fair Hearing** ... 2

**D. Objections and Rulings** ... 2

**E. Duties of the Jury** ... 3

**F. "Prove," "Find," and "Establish"** ... 4

**G. Burden of Proof—Preponderance of the Evidence** ... 4

**H. Three Forms of Evidence** ... 5

**I. What Is and What Is Not Evidence** ... 5

**J. Direct and Circumstantial Evidence** ... 6

**K. Definition of "Inference"** ... 7

**L. Witness Credibility—Generally** ... 8

**M. All Persons Stand Equal Before the Law** ... 9

**N. Impeachment of a Witness** ... 9

**O. Uncontradicted Testimony** ... 9

**II. THE ISSUES AND CLAIMS IN THIS CASE** ... 10

**A. Insurance Contract** ... 10

**B. Burden of Proof** ... 11

C. **Material Misrepresentation** ... 11

**III. DAMAGES** ... 12

**IV. FURTHER INSTRUCTIONS FOR DELIBERATIONS** ... 12

**A. Note Taking** ... 12

**B. Jury Bias** ... 13

**C. Lawyers' Arguments Are Not Evidence** ... 13

**V. CONCLUSION** ... 14

## INTRODUCTION

Members of the jury, you now have heard all of the evidence. At this point, I am going to instruct you about the law that applies to this case. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on these copies. You will be permitted to take them into the jury room with you.

My instructions will be in three parts. First, I will discuss general rules concerning the role of the court and the duty of the jury. Second, I will go over the claims in this case, identify the questions of fact that you must answer based on the evidence presented at trial, and discuss the applicable law. Third, I will give you some final rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats — namely, the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. You will have with you the following: the original of the verdict form, copies of the original exhibits, your copies of these instructions, and any personal notes that you may have taken. At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

## I. GENERAL INSTRUCTIONS

### A. Role of the Court

As the judge, I perform two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the

law that you are to apply to the facts. I gave you some preliminary instructions before the trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely. If any of the lawyers state the law differently from the way I am explaining it to you, you are to follow my instructions.

**B. Instructions to be Considered as a Whole**

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others. The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done any suggestion about what verdict you should return—that is a matter for you alone to decide.

I should also point out that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

**C. Both Sides Entitled to a Full and Fair Hearing**

Regardless of your ultimate decision about the parties' claims and defenses, the parties in this case are entitled to a full and fair hearing. You must remember that one of the most important functions of our system is to give all the parties to a dispute a full and fair hearing, regardless of the final outcome of the case. It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any feeling that you may have about which party is right.

**D. Objections and Rulings**

It is the duty of an attorney to object to testimony or other evidence that the attorney

believes is not properly admissible. You should not prefer or dislike an attorney or a party because an attorney made objections, or because an attorney failed to make objections, during the trial.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. You must disregard any testimony that I have stricken, because it is not evidence. Finally, if I instructed you to consider an item of evidence for a limited purpose only, you must follow that instruction.

**E. Duties of the Jury**

It is your duty to find the facts from all of the evidence in the case. In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you. You must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies that you may have. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you. You each must decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

**F. "Prove," "Find," and "Establish"**

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what the plaintiff must do in order to win this case. My use of the word "prove" means "prove by the appropriate burden of proof," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts or the parties "establishing" various facts, you must determine whether those facts have been proven by the appropriate burden of proof, even if I simply use the word "find" or "establish."

**G. Burden of Proof—Preponderance of the Evidence**

Because this is a civil case, the plaintiff has the burden of proving every disputed part of its claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, the plaintiff must prove that the fact is more likely true than not true. You will recall the example I gave you at the beginning of this trial of the scales of justice. If you find that the credible evidence on a given issue is evenly divided between the plaintiff and the defendants, or tips in favor of the defendants, then you must decide that issue for that defendants. However, if the plaintiff proves that a fact is more likely true than not, even slightly, then you are to find that the plaintiff has proven that fact by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents presented.

Some of you may have heard of proof beyond a reasonable doubt, which is the standard

of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should not consider or discuss that standard in your deliberations.

### H. Three Forms of Evidence

Next, I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence in this case will come in three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find, for example, by taking "judicial notice" of a fact.

### I. What Is and What Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, the stipulations, and the judicially-noticed facts.

Questions are not evidence, answers are. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict. Further, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given for that testimony.

What the lawyers say in their opening statements, closing arguments, comments, objections, and questions is not evidence. What they say in their closing arguments is intended to

help you understand the evidence and to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence and my rulings on the admissibility of evidence do not indicate any opinion about the weight of such evidence. Exhibits that have been marked for identification may not be considered by you as evidence unless and until they have been received into evidence by the court. Exhibits were received into evidence either because the parties stipulated to their admission, or when I said that an exhibit was admitted as a "full" exhibit.

In addition, materials used only to refresh a witness's recollection or to demonstrate or help explain testimony are not evidence unless they are admitted as full exhibits.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

**J. Direct and Circumstantial Evidence**

There are two types of evidence that you may consider properly in reaching your verdict.

One type of evidence is direct evidence. Direct evidence includes a witness's testimony about something the witness knows by virtue of his or her own senses—something he or she has seen, felt, touched, heard, or done.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. For example, as I noted before trial, assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that, because there are no windows in this courtroom, you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see or hear

whether it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience, and common sense, you infer from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented. Circumstantial evidence, however, does not include guesswork or conjecture. Circumstantial evidence consists only of the reasonable and logical inferences that you draw from other evidence in the record.

**K. Definition of "Inference"**

During the trial you may have heard the attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences, while the defendant may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a conclusion that you are permitted, but not required, to draw from

the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. Finally, you may not draw any inferences from the mere fact that this lawsuit was filed.

**L. Witness Credibility—Generally**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did not say on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her behavior, manner and appearance—while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

**M. All Persons Stand Equal Before the Law**

As you know, this case involves individuals as well as corporations. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

**N. Impeachment of a Witness**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

**O. Uncontradicted Testimony**

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached. You may decide, because of the witness's manner and demeanor, the improbability of his or her testimony, or other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact

occurred.

## II. THE ISSUES AND CLAIMS IN THIS CASE

I am now going to discuss the specific issues that you must decide.

### A. Insurance Contract

Insurance contracts are interpreted as any written contract would be interpreted. That means that intent of the parties as expressed in the language of the policy will determine how the policy is enforced. When looking at the language used in the insurance contract, words should be interpreted to have their natural and ordinary meaning. The insurance contract should be interpreted as a layperson would interpret it. If you determine that there is an ambiguity in the language of the insurance contract generally, then you should interpret it in the manner that favors Mr. Coan, who in this case is the representative for any claims that could have been brought by Ms. Williams.

Thus, you must read the plain language of the insurance contract and determine what the parties intended when the contract was executed. What insurance coverage did Ms. Williams expect to receive? What did Amica Mutual expect to provide in creating the insurance contract?

The specific exclusion clause of this insurance contract states that:

> We will not provide coverage for the insured who, whether before or after the loss, has intentionally:
>
> 1. Concealed or misrepresented any material fact or circumstance;
> 2. Engaged in fraudulent conduct; or
> 3. Made material false statements;
>
> relating to this insurance.

When you are interpreting the exclusion clause of the insurance contract, the language should be construed in favor of Ms. Williams, unless there is a high degree of certainty that the policy language clearly and unambiguously excludes the claim.

**B. Burden of Proof**

Amica Mutual bears the burden of proving that the exclusion policy applies. Amica Mutual must prove that Ms. Williams willfully concealed or misrepresented a material fact with the intention of deceiving Amica Mutual.

**C. Material Misrepresentation**

First, you must determine if Ms. Williams has made a misrepresentation or false statement.

Second, if you do find a misrepresentation or false statement, you then must determine if it is material.

A material misrepresentation or false statement is one that concerns a subject relevant and germane to the insurer's investigation as it was then proceeding. More specifically, a misrepresentation or false statement is material if it has been calculated either to discourage, mislead or deflect the company's investigation in any area that might seem to the company, at the time, a relevant or productive area to investigate. A misrepresentation or false statement also can be material if the misrepresentation affected the attitude and action of the insurer.

If you find Ms. Williams made a misrepresentation to Amica Mutual, for that misrepresentation to be material, that misrepresentation must have been calculated either to discourage, mislead or deflect the company's investigation in any area that might seem to the

company, at the time, a relevant or productive area to investigate, or affected the attitude and action of the insurer.

Amica Mutual does not have to prove that it relied on the misrepresentation, nor does it have to prove that it suffered an injury due to the misrepresentation.

If Amica Mutual has proved that Ms. Williams made a material misrepresentation, meaning willfully concealed or misrepresented a material fact with the intention of deceiving Amica Mutual, then you should find in favor of the plaintiff, Amica Mutual.

If you determine, however, that Ms. Williams did not make a misrepresentation or false statement, or you determine that Ms. Williams did make a misrepresentation or false statement, but that misrepresentation or false statement was not material, then you should find in favor of the defendant, Richard Coan.

## III. DAMAGES

You have probably heard of juries awarding money damages to parties. There is no damages component to this case.

Accordingly, in your deliberations, you shall not consider any damages or injuries suffered by any of the parties.

## IV. FURTHER INSTRUCTIONS FOR DELIBERATIONS

### A. Note Taking

I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has

taken notes entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

**B. Jury Bias**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. Please bear in mind that all litigants are equal before the law. You should not, therefore, consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties or their attorneys.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for, or prejudice against, any of the parties. You are not to be affected by what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom.

**Closing Arguments**

At this point we will interrupt the instructions to hear closing arguments of counsel. I will conclude the instructions after those summations. Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

**[BREAK FOR CLOSING ARGUMENTS]**

**C. Lawyers' Arguments Are Not Evidence**

You have just heard closing arguments of counsel. I want to remind you that what the lawyers have said is not evidence, even if it seemed at times as if they were testifying. The lawyers merely presented their arguments about what the evidence has shown. Their credibility

is not an issue that should enter into your decision in this case.

## V.   CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations. Remember at all times that you are not biased; rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and be your spokesperson.  A verdict form has been prepared for your convenience. Focusing on the questions set forth in the verdict form will assist you in your deliberations. You must complete and return the verdict form in court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the court security officer or courtroom deputy that you have reached a verdict. The verdict form must be used only in connection with the charge I have

just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the verdict form. As you will see when you retire to the jury room, the form consists of a single question. This question calls for either a "yes" or "no" answer. Answer the question as it appears and only that question. As you review the form, you will see that there are instructions printed in italics. Please read these instructions and follow them carefully. The italicized instructions will guide you through the verdict form.

When you go into the jury room to begin your deliberations, you will be able to review the exhibits, but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. I encourage you to limit the recitation of testimony. It is not easy to locate specific portions of the testimony, and reading the testimony is a time-consuming process, so please be as specific as possible if and when you decide to request a reading of testimony.

Requests that testimony be read back, as well as any other communication with the court, should be made in writing, signed by your foreperson, and given to the courtroom deputy, Ms. Perez, or a marshal. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be.

What the verdict shall be is your exclusive duty and responsibility.

Now, proceed to your deliberations in the jury room. Deliberate only when all of you are present. After you begin your deliberations, you are not to leave the jury room without first notifying the marshal or court security officer, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. You must not research any issue nor communicate with each other or with anyone about the case through the Internet, e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, Instagram, Tik Tok, Google Plus, LinkedIn, and YouTube. Further, if at any time a juror is using the restroom facilities or on a cell phone, the other jurors must cease deliberations immediately and may not begin deliberations again until all jurors are present, and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you. Render your verdict fairly, uprightly and without a scintilla of prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict.

Thank you for your attention.